**F I L E D**
CLERK, U.S. DISTRICT COURT

4/7/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ eva _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 8:21-cr-00054-CJC |
| Plaintiff, | I N D I C T M E N T |
| v. | [26 U.S.C. § 7206(1): Making and Subscribing to a False Tax Return; 26 U.S.C. § 7203: Willful Failure to File a Tax Return; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1344(2): Bank Fraud; 26 U.S.C. § 7301, 18 U.S.C. §§ 981 and 982, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| JOHANNA GARCIA, | |
| Defendant. | |

The Grand Jury charges:

COUNTS ONE AND TWO

[26 U.S.C. § 7206(1)]

On the dates set forth below, in Orange County, within the Central District of California, and elsewhere, defendant JOHANNA GARCIA, a resident of Orange County, California, willfully made and subscribed to a materially false United States Individual Income Tax Return, Form 1040, for the calendar years set forth below, which defendant GARCIA verified as true, correct, and complete by written declaration made under penalty of perjury and caused to be filed with

the Internal Revenue Service, and which defendant GARCIA did not believe to be true and correct as to every material matter, in that the tax returns falsely reported taxable income on line 43 in the following amounts, when, as defendant GARCIA then knew and believed, her income was substantially more than reported:

| COUNT | CALENDAR YEAR | DATE | REPORTED TAXABLE INCOME |
|-------|---------------|------|-------------------------|
| ONE | 2014 | April 18, 2015 | $0 |
| TWO | 2016 | April 15, 2017 | $0 |

COUNT THREE

[26 U.S.C. § 7203]

During calendar year 2015, defendant JOHANNA GARCIA, a resident of Orange County, within the Central District of California, had and received gross income in excess of $20,600.  By reason of such gross income, defendant GARCIA was required by law, following the close of calendar year 2015 and on or before April 18, 2016, to make an income tax return to the Internal Revenue Service, at Fresno, California, to a person assigned to receive returns at the local office of the Internal Revenue Service in the Central District of California, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of her gross income and any deductions and credits to which she was entitled. Knowing and believing all of the foregoing, defendant GARCIA willfully failed, on or about April 18, 2016, in the Central District of California and elsewhere, to make an income tax return for calendar year 2015.

1              COUNTS FOUR THROUGH EIGHT

2              [18 U.S.C. §§ 1343, 2(a)]

3  A.   INTRODUCTORY ALLEGATIONS

4       1.   At times relevant to this Indictment:

5            a.   The United States Department of Agriculture's
6  Supplemental Nutrition Assistance Program ("SNAP") provided nutrition
7  benefits to supplement the food budget of needy families so they
8  could purchase healthy food and move towards self-sufficiency.  If a
9  person was eligible for SNAP benefits, the person would receive SNAP
10 benefits on an Electronic Benefit Transfer ("EBT") card, which worked
11 like a debit card.  Benefits were automatically loaded into the
12 person's account each month.  The person ("SNAP beneficiary") could
13 use the EBT card to buy groceries at authorized food stores and
14 retailers.

15           b.   Euclid Market was a retail convenience store located
16 in Santa Ana, California.  Euclid Market was an authorized
17 participant in SNAP.  Defendant JOHANNA GARCIA owned and operated
18 Euclid Market.

19           c.   In November 2012, defendant GARCIA applied for Euclid
20 Market's participation in SNAP.  In her application, defendant GARCIA
21 was informed that trading cash for SNAP benefits and accepting SNAP
22 benefits as payment on credit accounts or loans was a violation of
23 the SNAP program and a crime.  Euclid Market was accepted into the
24 SNAP program based on defendant GARCIA's application.  Defendant
25 GARCIA also received a training manual which specifically advised,
26 "Do NOT exchange cash for SNAP benefits."

27

28

B.   THE SCHEME TO DEFRAUD

2.   Beginning no later than in or around April 2014, and continuing to in or around May 2017, in Orange County, within the Central District of California, defendant GARCIA, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud the United States Department of Agriculture as to material matters, and to obtain money and property from the United States, by means of material false and fraudulent pretenses, representations, and promises, and through the concealment of material facts.

3.   The fraudulent scheme operated, in substance, in the following manner:

a.   Defendant GARCIA and others known and unknown to the Grand Jury who worked at Euclid Market would offer SNAP beneficiaries cash and credit accounts and loans in exchange for the SNAP beneficiaries' EBT cards (the "Trafficked EBT Cards").  Defendant GARCIA and her co-schemers would pay cash in an amount that was less than the amount of benefits that had been previously loaded on the Trafficked EBT Cards for the SNAP beneficiaries' use.  Defendant GARCIA and her co-schemers would also extend credit accounts and loans in an amount that was greater than the amount of benefits that had been previously loaded on the Trafficked EBT Cards for the SNAP beneficiaries' use.

b.   Defendant GARCIA and others known and unknown to the Grand Jury who worked at Euclid Market would profit from the purchase of Trafficked EBT cards by conducting transactions on the cards in amounts that were greater than the amount in cash paid and credit accounts and loans extended for the cards.

c.   In many instances, the Trafficked EBT Cards were debited at Euclid Market.  That is, GARCIA and others known and unknown to the Grand Jury who worked at Euclid Market would charge the Trafficked EBT Card through Euclid Market's point-of-sale terminal as though a sale was being made to a SNAP Beneficiary, even though no sale was actually made, or would debit the cards in an amount in excess of the amount of items actually sold.  The sale proceeds (i.e., the amount charged to the Trafficked EBT Card) would then be paid to a bank account controlled by defendant GARCIA.

d.   In other instances, the Trafficked EBT Cards would be used by defendant GARCIA and others known and unknown to the Grand Jury at other retail SNAP-authorized businesses to make purchases for the benefit of defendant GARCIA or co-schemers, not the SNAP beneficiary on the Trafficked EBT Cards who GARCIA or co-schemers represented themselves to be.

e.   Through the scheme to defraud, defendant GARCIA caused the United States Department of Agriculture to provide more than $1,129,422.99 in payments to her and her co-schemers.

C.   <u>THE USE OF INTERSTATE WIRES</u>

4.   On or about the dates set forth below, in Orange County, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant GARCIA and others known and unknown to the Grand Jury, each aiding and abetting each other, transmitted and caused the transmission of the following items by means of wire communication in interstate and foreign commerce:

| COUNT | DATE | INTERSTATE WIRE TRANSMISSION |
|-------|------|------------------------------|
| FOUR | 5/10/2016 | Debit of $81.05 from a SNAP EBT card ending x4077 at Euclid Market in Santa Ana, California |
| FIVE | 5/15/2016 | Debit of $99.99 from a SNAP EBT card ending x9203 at Euclid Market in Santa Ana, California |
| SIX | 8/27/2016 | Debit of $299.99 from a SNAP EBT card ending x1030 at Euclid Market in Santa Ana, California |
| SEVEN | 12/9/2016 | Debit of $102.00 from a SNAP EBT card ending x7298 at Euclid Market in Santa Ana, California |
| EIGHT | 12/10/2016 | Debit of $99.99 from a SNAP EBT card ending x6915 at Euclid Market in Santa Ana, California |

COUNTS NINE THROUGH EIGHTEEN

[18 U.S.C. §§ 1344(2), 2(a)]

A.   <u>INTRODUCTORY ALLEGATION</u>

1.   The Grand Jury realleges paragraph 1 of Counts Four through Eight of this Indictment here.

2.   At all times relevant to this Indictment, Bank of America was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

B.   <u>THE SCHEME TO DEFRAUD</u>

3.   Beginning in at least April 2014, and continuing to in or around May 2017, in Orange County, within the Central District of California, defendant GARCIA, knowingly and with intent to defraud, devised, participated in, and executed a scheme to obtain monies and funds owned by and in the custody and control of Bank of America by means of false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

4.   The scheme to defraud operated, in substance, in the following manner:

a.   Defendant GARCIA and others known and unknown to the Grand Jury who worked at Euclid Market would offer SNAP beneficiaries cash and credit accounts and loans in exchange for the SNAP beneficiaries' EBT cards (the "Trafficked EBT Cards"). Defendant GARCIA and her co-schemers would pay cash in an amount that was less than the amount of benefits that had been previously loaded on the Trafficked EBT Cards for the SNAP beneficiaries' use. Defendant GARCIA and her co-schemers would also extend credit accounts and loans in an amount that was greater than the amount of benefits that

had been previously loaded on the Trafficked EBT Cards for the SNAP beneficiaries' use.

b.   Defendant GARCIA and others known and unknown to the Grand Jury who worked at Euclid Market would profit from the purchase of Trafficked EBT cards by conducting transactions on the cards in amounts that were greater than the amount in cash paid and credit accounts and loans extended for the cards.

c.   In many instances, the Trafficked EBT Cards were debited at Euclid Market.  That is, GARCIA and others known and unknown to the Grand Jury who worked at Euclid Market would charge the Trafficked EBT Card through Euclid Market's point-of-sale terminal as though a sale was being made to a SNAP Beneficiary, even though no sale was actually made, or would debit the cards in an amount in excess of the amount of items actually sold.  The sale proceeds (i.e., the amount charged to the Trafficked EBT Card) would then be paid by Bank of America to a bank account controlled by defendant GARCIA.

d.   In other instances, the Trafficked EBT Cards would be used by defendant GARCIA and others known and unknown to the Grand Jury at other retail SNAP-authorized businesses to make purchases for the benefit of defendant GARCIA or co-schemers, not the SNAP beneficiary on the Trafficked EBT Cards who GARCIA or co-schemers represented themselves to be.  In so doing, defendant GARCIA and her co-schemers caused Bank of America to pay funds to the SNAP-authorized businesses.

C.   <u>EXECUTIONS OF THE SCHEME TO DEFRAUD</u>

5.   On or about the dates set forth below, in Orange County, within the Central District of California, and elsewhere, defendant

GARCIA and others known and unknown to the Grand Jury, each aiding and abetting each other, fraudulently charged the following amounts to the following Trafficked EBT Cards, each of which constituted an execution of the fraudulent scheme:

| COUNT | DATE | TRAFFICKED EBT CARD | AMOUNT |
|---|---|---|---|
| NINE | 10/21/2014 | x1241 | $250.00 |
| TEN | 5/12/2015 | x4634 | $222.00 |
| ELEVEN | 6/8/2015 | x1241 | $281.46 |
| TWELVE | 6/9/2015 | x1241 | $33.01 |
| THIRTEEN | 8/13/2015 | x2104 | $99.99 |
| FOURTEEN | 5/10/2016 | x4077 | $81.05 |
| FIFTEEN | 5/15/2016 | x9203 | $99.99 |
| SIXTEEN | 8/27/2016 | x1030 | $299.99 |
| SEVENTEEN | 12/9/2016 | x7298 | $102.00 |
| EIGHTEEN | 12/10/2016 | x6915 | $99.99 |

1                    FORFEITURE ALLEGATION ONE

2              [26 U.S.C. § 7301 and 28 U.S.C. § 2461(c)]

3        1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 26,

6   United States Code, 7301, and Title 28, United States Code, Section

7   2461(c), in the event of the defendant's conviction of the offenses

8   set forth in any of Counts One through Three of this Indictment.

9        2.    The defendant, if so convicted, shall forfeit to the United

10  States of America the following:

11              (a) Any property sold or removed by the defendant in fraud

12  of the internal revenue laws, or with design to avoid payment of such

13  tax, or which was removed, deposited, or concealed, with intent to

14  defraud the United States of such tax or any part thereof;

15              (b) All property manufactured into property of a kind

16  subject to tax for the purpose of selling such taxable property in

17  fraud of the internal revenue laws, or with design to evade the

18  payment of such tax;

19              (c) All property whatsoever, in the place or building, or

20  any yard or enclosure, where the property described in subsection (a)

21  or (b) is found, or which is intended to be used in the making of

22  property described in subsection (a), with intent to defraud the

23  United States of tax or any part thereof, on the property described

24  in subsection (a);

25              (d) All property used as a container for, or which shall

26  have contained, property described in subsection (a) or (b);

27              (e) Any property (including aircraft, vehicles, vessels, or

28  draft animals) used to transport or for the deposit or concealment of

                                   11

property described in subsection (a) or (b), or any property used to transport or for the deposit or concealment of property which is intended to be used in the making or packaging of property described in subsection (a); and

(f)   To the extent that such property is not available for forfeiture, a sum of money equal to the total value of the property described in this paragraph.

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1                        FORFEITURE ALLEGATION TWO

2               [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

3         1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4    Procedure, notice is hereby given that the United States of America

5    will seek forfeiture as part of any sentence, pursuant to Title 18,

6    United States Code, Section 981(a)(1)(C) and Title 28, United States

7    Code, Section 2461(c), in the event of the defendant's conviction of

8    the offenses set forth in any of Counts Four through Eight of this

9    Indictment.

10        2.    The defendant, if so convicted, shall forfeit to the United

11   States of America the following:

12              (a)  All right, title, and interest in any and all

13   property, real or personal, constituting, or derived from, any

14   proceeds traceable to the offenses; and

15              (b)  To the extent such property is not available for

16   forfeiture, a sum of money equal to the total value of the property

17   described in subparagraph (a).

18        3.    Pursuant to Title 21, United States Code, Section 853(p),

19   as incorporated by Title 28, United States Code, Section 2461(c), the

20   defendant, if so convicted, shall forfeit substitute property, up to

21   the value of the property described in the preceding paragraph if, as

22   the result of any act or omission of the defendant, the property

23   described in the preceding paragraph or any portion thereof (a)

24   cannot be located upon the exercise of due diligence; (b) has been

25   transferred, sold to, or deposited with a third party; (c) has been

26   placed beyond the jurisdiction of the court; (d) has been

27   substantially diminished in value; or (e) has been commingled with

28   other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[18 U.S.C. § 982]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offenses set forth in any of Counts Nine through Eighteen of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

//

//

1  been substantially diminished in value; or (e) has been commingled

2  with other property that cannot be divided without difficulty.

3                                       A TRUE BILL

4

5                                       _____ /s/
                                        Foreperson

6  TRACY L. WILKISON
7  Acting United States Attorney

8  Scott M. Garringer
   Deputy Chief, Criminal Division For:

9  BRANDON D. FOX
10 Assistant United States Attorney
   Chief, Criminal Division

11 BENJAMIN R. BARRON
12 Assistant United States Attorney
   Chief, Santa Ana Branch Office

13 VIBHAV MITTAL
14 Assistant United States Attorney
   Deputy Chief,
15 Santa Ana Branch Office

16 BRADLEY E. MARRETT
   Assistant United States Attorney
17 Santa Ana Branch Office

18

19

20

21

22

23

24

25

26

27

28